**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| THE DECAPOLIS GROUP, LLC, | § | |
| | § | |
| Petitioner, | § | |
| | § | No. 3:13-cv-1547-M |
| v. | § | |
| | § | |
| MANGESH ENERGY, LTD. and HKN | § | |
| ENERGY, LTD., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court are the Motion to Dismiss [Docket Entry #6] and the Motion to Seal [Docket Entry #7], filed by Respondents Mangesh Energy, Ltd. ("Mangesh") and HKN Energy, Ltd. ("HKN"). For the reasons stated below, the Motion to Dismiss is **DENIED**; the Motion to Seal is **GRANTED**, and the Court confirms the arbitration award.

## I.   BACKGROUND

On November 14, 2006, Mangesh entered into a consulting contract with The Decapolis Group, LLC ("Decapolis"), for Decapolis to help Mangesh obtain oil and gas rights in a region in Kurdistan. The contract provides for compensation to Decapolis, some of which depends upon contingent future events.  The contract contains an arbitration provision which reads, in part, that, "The arbitrator's decision shall be final and binding on the parties. Judgment upon the award rendered by the arbitrator may be entered in a court of law having jurisdiction thereof." The contract also contains a provision that the parties will not disclose confidential information, defined as "information . . . relating to the business, products, affairs and finances of a Party . . . ." On January 22, 2011, HKN agreed to assume all duties owed by Mangesh.

1

A dispute arose between the parties regarding Decapolis's compensation under the contract. On November 15, 2010, Decapolis requested arbitration of the dispute through the International Chamber of Commerce Court of Arbitration. The arbitration took place in January 2012, and the parties agreed that the proceedings would be confidential. On April 25, 2012, the Arbitrator rendered his final award (the "Award"), finding that (a) the contract was valid and binding on the parties and (b) that in addition to attorney's fees and expenses, Decapolis would be entitled to the compensation described in the contract, including future payments for milestone events and a Net Profit Interest.  As Decapolis concedes, the Respondents have paid Decapolis's attorney's fees and costs for the arbitration, as well as the payment for the first milestone event, and have not attempted to vacate or modify the Award.

Decapolis filed suit in this Court on April 19, 2013, requesting the Court to confirm the Award.  On July 5, 2013, Respondents filed a Motion to Dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6), arguing that because Respondents had satisfied all that was owing under the Award, there was no case or controversy, and Decapolis was not entitled to judicial confirmation of the Award. On the same date, Respondents filed a Motion to Seal the Petition, all exhibits thereto, and all subsequent filings that may disclose the parties' confidential information.

## II.  MOTION TO DISMISS

The judicial power of federal courts is restricted to "cases" and "controversies."  U.S. Const. art III, § 2; *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396, (1980). Respondents argue that there is no case or controversy here for the court to resolve since Respondents have complied with the Award and have not given any indication that they will stop complying. In response, Decapolis notes that the parties' agreement provides for judicial confirmation of an

arbitration award. Pet.'s Resp., Ex. A at ¶ 19.4. Decapolis further argues that such confirmation

is mandated by the Federal Arbitration Act ("FAA"). 9 U.S.C. § 9. The FAA requires that if a

party applies to a court for an order confirming an arbitration award, the court "*must* grant such

an order unless the award is vacated, modified, or corrected . . . ." *Id*. (emphasis added).

   The Court finds that, in light of the paragraph in the parties' agreement providing for

confirmation of an arbitration award, and the FAA's mandate that courts confirm such awards

except in limited circumstances, Article III of the Constitution is satisfied, and the Court has

jurisdiction to confirm the Award. *See McVay v. Halliburton Energy Servs., Inc.*, 688 F. Supp.

2d 556, 564 (N.D. Tex. 2010) (O'Connor, J.) (holding that "there is no requirement that a party

refuse to honor the arbitration award before a court can confirm the award"); *Variable Annuity*

*Life Ins. Co. v. Bencor, Inc.*, No. H-05-1843, 2006 WL 1492249, at *3-4 (S.D. Tex. May 30,

2006) (denying a motion to dismiss and confirming an arbitration award where the party

objecting to confirmation did not contest the award, had paid it in full, and did not seek to vacate

or modify the award). The Plaintiff's pleading states a claim for the confirmation of the Award.

Therefore, the Motion to Dismiss is **DENIED**.

## III. MOTION TO SEAL

   "[B]ased on the nature of democracy and the 'citizen's desire to keep a watchful eye on

the workings of public agencies,'" there is a presumption that judicial records are to be kept open

to the public. *United States v. Abdallah*, No. H–07–155, 2009 WL 2246156, at *2 (S.D. Tex.

July 24, 2009) (quoting *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597 (1978)).

Nevertheless, the public's right to access court records is not absolute, and district courts have

the discretion to seal documents if the interest favoring nondisclosure outweighs the presumption

in favor of the public's common law right of access. *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845,

848 (5th Cir. 1993); *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 430-33 (5th Cir. 1981); *United States v. Raybould*, 130 F. Supp. 2d 829, 831 (N.D. Tex. 2000) (McBryde, J.).

The Award contains extensive findings of fact and conclusions of law. Respondents maintain that it also contains sensitive information such as business strategies and the developmental progress of their oil and gas exploration. Decapolis responds that the information in the Award came from open sources, such as the Internet and news releases from the Kurdistan Regional Government. After reviewing the Award, the Court finds that any public interest in the Award is minimal and counterbalanced by the interest in confidentiality expressed in the parties' agreement. Accordingly, the Motion to Seal is **GRANTED**.

The parties agreed that if the Court denied Defendant's Motion to Dismiss and concluded that Article III is satisfied, there is no other basis for the Court not to confirm the Award. The Court will therefore do so by separate judgment.

**SO ORDERED**.

February 24, 2014.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**